Houck, J.
The parties in this proceeding stand here in the same position as they stood in the court below. The action below was one to recover damages for alleged injuries received by Edward M. O5 Grady by reason of the explosion of a small boiler used in a peanut roaster, which plaintiff claimed was permitted to be operated on a certain street.in the city of Newark, Ohio, which boiler, by the carelessness and negligence of the city, through its agents and officers, exploded, a part thereof striking said plaintiff on the right leg and throwing him violently to the ground, cutting his leg and injuring his head, to his damage in the sum of $5,000. The plaintiff averred that said injuries were in no way caused by any negligence on his part.
The city filed its answer, setting up two defenses: first, a general denial; second, that it had fully settled with plaintiff and paid to him the full amount that it agreed to pay as per the terms and conditions of said contract of settlement. Defendant prayed that the petition of plaintiff be dismissed.
The plaintiff filed a reply in the nature of a general denial to said second defense, and affirmatively averred that at the time of the alleged settlement he was mentally incapacitated from making a'valid and binding settlement, or contract of release.
Upon the issues thus raised by these pleadings, the cause was submitted to a jury upon the evidence, and after due deliberation the jury returned a verdict for the defendant. A motion for a new trial being overruled, judgment was entered on the verdict. Plaintiff in error now seeks a reversal *390 of the judgment so entered, for the following reasons:
1. That the trial judge erred in admitting certain evidence.
2. That the trial judge erred in not submitting special request number four to the jury.
We have made a careful examination of the record in this case and have read the evidence as presented in the bill of exceptions, for the purpose of satisfying ourselves as to the claims of plaintiff in error. Counsel for plaintiff in error earnestly urges that the' trial court erred in permitting a certain receipt, alleged to have been signed by plaintiff in error, which receipt purported to be a release of all his claims for damages against said city, to be offered in evidence; and which receipt tended to prove the settlement relied upon by the defendant.
From our examination of the bill of exceptions, we are fully satisfied that the receipt was sufficiently identified to warrant the court in admitting it in evidence, as an exhibit to go to the jury, in connection with certain oral testimony, as tending to prove the claim as to the settlement alleged to have been made between plaintiff and defendant. We feel that, from all the circumstances "and surroundings of the case, and the testimony offered by plaintiff and defendant as to what occurred at the time of the claimed settlement and the execution and delivery of the receipt in question, it was proper evidence to go to the jury; but, as to its sufficiency and the weight to be given to it, these were questions for the jury to determine.
The second error which counsel for plaintiff in error alleges as a ground for reversing the judg *391 ment of the court of common pleas is the refusal of the trial judge to submit to the jury a certain special request designated as number four, which reads as follows:
“The court charges you that the defendant has pleaded as a second defense a settlement or satisfaction of the claim of the plaintiff for damages, and that the defendant must show not only that there was an agreement between the parties, but that the satisfaction of the same has been full, perfect and complete. If the jury should find that there is still due the defendant from Sam Kantress some money under the agreement alleged to have been entered into, and that the agreement has been but partially satisfied, said settlement is no defense to the action of this plaintiff, but the amount paid may be credited on any amount that may be found due the plaintiff.”
We have examined this proposition of law in the light of the issue raised by the second defense and the reply thereto, and the facts as established by the evidence, and we hold that the court was not in error when it refused to submit the above proposition of law to the jury.
Abstract propositions of law, requested to be given to a jury before argument, must be given by the trial judge if they are pertinent to the issue, or issues, raised by the pleadings, and applicable to the established facts in the case. Otherwise they should be refused. It is apparent from an examination of the request by the plaintiff, if we apply the rule herein laid down as to what special requests in writing before argument shall be submitted to the jury, that request number four was properly *392 refused. The question as to whether or not there was a settlement between the parties to this lawsuit which would bar the plaintiff from maintaining his action, and the question as to whether -or not at the time of the alleged settlement the plaintiff was mentally incapacitated from making such agreement, were questions of fact which were submitted to the jury, and were passed upon and determined by it; and in face of the finding of the jury, and in the light of the law which was given to the jury by the court, as contained in special request number three, and given before argument at the instance of counsel for the plaintiff below, we do not see how he can now properly complain. We believe this request to be the law, and that it clearly pertains to the issues raised and the facts to be determined in the case under review.
Special request number three reads as follows:
“The defendant in this action has pleaded as a second defense a settlement of the damages suffered by the plaintiff resulting from the explosion of said peanut roaster or warmer, and the court charges you that if you should find that at the time said receipt was signed and said alleged settlement was made, the plaintiff was in such a mental condition either by reason of the injuries inflicted upon him, or the administration of opiates, or both, or any other reason, that he could not understand and did not understand the nature or effect of an ordinary business transaction, the payment alleged to have been made to the plaintiff, or to any one for him, is not a defense to the action of the plaintiff herein.”
*393 In passing, we might suggest that but two issues, were raised by the pleadings in this case, and upon them the cause was submitted to the jury upon the evidence and the law as given to the jury by the trial judge. The verdict of the jury was a general one, in favor of the defendant, and it is not within the province of a reviewing court to determine .upon which one of the defenses, or whether upon both, the jury based its verdict.
We think, upon this theory alone, the judgment of the common pleas court in this case might properly be affirmed. The rule of law herein announced is'clearly laid down in the case of McAllister v. Hartzell, 60 Ohio St., 69, second paragraph of the syllabus, which reads as follows:
“Where two issues are presented in the pleadings for the determination of the jury, and there is a verdict finding the issues for the defendant, and such finding on either issue entitles him to a general judgment in his favor, and a judgment is rendered on the verdict, such judgment will not be reversed for error in the instructions of the court to the jury relating exclusively to one of the issues.”
Viewing the record before us as we do, and finding no error therein which would in any way prejudice the substantial rights of the plaintiff in error, we hold that the judgment of the common pleas court should be affirmed.

Judgment affirmed.

Powell, J., concurs.
Shields, J., not participating.