## AFFIELD v. THE PAIGE DAIRY CO.

*Workmen's compensation — Application for award — Void or voidable — Mental capacity of applicant — Question for jury, when.*

1. Where a release of a cause of action for damages for personal injuries is void, it is not a bar to such an action, and the plaintiff may, if it is set up by answer as a bar to his right of action, by reply aver the facts that make it void; but if it is not void, but only voidable, he can not maintain his action until such release is set aside.

2. A fraudulent and void application for compensation from the state insurance fund, executed by an employe while mentally incapacitated and filed without his knowledge or consent, does not bind such employe or confer jurisdiction upon the industrial commission.

3. In an action brought under the provisions of Section 1465-76, General Code, the question of mental capacity to execute an application for compensation from the state insurance fund is one of fact for the jury under proper instructions from the court. (*Perry* v. *The M. O'Neil & Co.,* 78 Ohio St., 200, and

*Brown* v. *The Klechler Mfg. Co.,* 98 Ohio St., 440, approved and followed.)

(Decided July 3, 1919.)

ERROR:   Court of Appeals for Lucas county.

*Mr. Charles A. Thatcher,* for plaintiff in error.

*Messrs. Marshall & Fraser* and *Mr. Stephen Brophy,* for defendant in error.

HAMILTON, J.  This is an error proceeding seeking to reverse and set aside a judgment of the court of common pleas of Lucas county, Ohio, dismissing the plaintiff's petition.

A brief history of the case and the different steps taken is necessary for an understanding of the issues involved.

Frederick H. Affield, the plaintiff in error, was employed as a workman in the automobile repair department of the defendant.  While engaged as such workman he was injured in an elevator accident in the establishment of the defendant, on August 4, 1917.

The defendant company employed more than five men and paid a premium to the state insurance fund.  A few days after the injury an application for compensation out of the state insurance fund was signed by Affield and filed with the Industrial Commission of Ohio.  On January 10, 1918, following, Affield filed an application with the Industrial Commission for leave to withdraw his application for compensation, claiming that he had no knowledge of the signing and the filing of the application; that he was not in a mental condition to understand what he was doing and that the signa-

ture had been fraudulently procured and was filed with the commission without his knowledge; and that he was without mental capacity to understand the application and its purport. Affidavits on the question were filed with the commission by both the plaintiff and defendant, and the consideration of the commission resulted in a refusal to permit the plaintiff to withdraw his application, finding him to be mentally responsible at the time of the signing and filing. Affield, thereupon, appealed to the court of common pleas from the finding of the commission refusing permission to withdraw the application. The court held it was without jurisdiction in the premises and dismissed the appeal. No further action was taken on the question of the withdrawal of the application, or on the finding of the court of common pleas dismissing the appeal for want of jurisdiction.

July 27, 1918, plaintiff, ignoring the application or any proceeding theretofore had, filed his petition in the common pleas court of Lucas county claiming damages from the defendant company on account of the injuries claimed to have been received while in the employ of said company at their place of business, and averring the violation of the law in the maintenance of the elevator without proper safety devices, and in the failure to post notices of their having paid the premium in the state insurance fund. The defendant company answered, and in their first defense set up the application by Affield for an allowance from the state insurance fund on account of his injuries, and all the proceedings relative to the application for leave to withdraw by Affield, claiming these proceedings

and the application to be a bar to the prosecution of the suit in the common pleas court. In the second defense they answered to the merits.

The plaintiff thereupon filed a reply, averring, among other things, that after receiving the severe injuries of which he complains in his petition he was removed to a hospital, and that while there confined an employe of the defendant whose name he is informed is William Michaelis called upon the plaintiff and told plaintiff that he wished to make a report of the fact that plaintiff had been injured; that said person did not tell plaintiff to whom this report was to be made and did not read said report to plaintiff; that at said time plaintiff was suffering great mental and physical distress because of the injuries which he received, and was not mentally capable of transacting business of any kind or character; and that said Michaelis wrote matters upon a piece of paper, the nature and extent of which plaintiff does not know, and told plaintiff that it was simply a statement of the fact that he was injured, and induced plaintiff to sign his name to said paper.

The plaintiff further says that "his signature to said paper was procured fraudulently and by the substitution of another paper for the one which said Michaelis told plaintiff he was signing, and plaintiff is informed and believes and therefore avers that said paper which he so signed purports to be an application for compensation under the State Insurance Law; that his signature was procured to said paper for the purpose of deceiving and defrauding him out of his just rights, and that he did not know and had no means of knowing

the contents of the same, and was misled, deceived and tricked into signing said paper; that the mind of plaintiff and the said Michaelis did not unite upon any agreement upon the part of the plaintiff to sign a paper purporting to be an application for compensation, and that the same is wholly null and void, and of no binding effect upon plaintiff."

When the case was called for trial the defendant company moved the court that the cause be first tried and submitted to the court upon the first defense of the defendant's answer, without the intervention of a jury, to which plaintiff objected. Thereupon, the court granted the defendant's motion, to which plaintiff at the time excepted. Thereupon, the plaintiff moved that a jury be called to try this cause, which motion the court overruled, to which plaintiff at the time excepted.

The cause was submitted to the court upon the petition of plaintiff, the first defense of the answer, and the reply, without the intervention of a jury. Upon consideration, the court found Affield to be mentally competent when he made the application, and that by filing the same with the Industrial Commission he elected to take compensation out of the state insurance fund; that no fraud or deceit was practiced upon him and he was bound by his action so taken; and that the application for compensation is a bar and a defense to the present action. The court thereupon dismissed the petition. Motion by plaintiff for a new trial was overruled and exceptions noted, and the case is brought into this court for review both by appeal and error.

Plaintiff in error urges, as grounds for reversal, error of the court in hearing the cause on the peti-

tion, the first defense of the answer, and the reply, without the intervention of a jury; and that the finding of the court was against the weight of the evidence.

It is urged by the defendant in error that the action before the Industrial Commission finding the application properly executed and filed, and finding that Affield was mentally capable of executing and filing the paper, and that no fraud was practiced upon him, was a final determination of the rights of the plaintiff, and in support of that proposition defendant in error cites Section 1465-90, General Code, which provides:

"The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final."

Section 1465-76, General Code, provides:

"Such injured employee * * * may, at his option, either claim compensation under this act or institute proceedings in the courts for his damage on account of such injury; and *such employer shall not be liable* for any injury to any employee * * * except as provided in this section; * * *.

"Every employee * * * who makes application for an award, or accepts compensation from an employer who elects, under section 22 of this act, directly to pay such compensation waives his right to exercise his option to institute proceedings in any court, except as provided in section 43 hereof."

This action is not one of the exceptions in Section 43. The law is unambiguous and clear that if the plaintiff filed an application with the Industrial Commission for an allowance from the state insurance fund he can not maintain this action.

And it is further clear that to give the commission jurisdiction in the premises a valid application must be filed. If the commission had jurisdiction under the provisions of the law, its findings would be final. In his reply in this case the plaintiff denies the signing and execution of the application, and denies the filing of the same, and avers the application was not read to him; that he was told it was a report of the injury; and that at the time he was suffering great mental and physical distress because of the injuries which he had received and that he was not mentally capable at the time of transacting business of any kind or character; that he did not know and had no means of knowing the contents of the application; and that his signature was procured thereto fraudulently and that the application is wholly null and void. These averments, if true, show the application to be void and of no effect, and such a paper filed with the Industrial Commission could not confer jurisdiction on the commission to take any action in the premises, and could have no more binding effect on the plaintiff than if the application had not been made. This being true, the plaintiff had the right to maintain an independent action, ignoring wholly any proceeding before the Industrial Commission.

Finding the plaintiff to have the right to maintain an independent action, disregarding any proceeding before the Industrial Commission, the remaining question is, Did the common pleas court err in hearing the matter on the petition, the first defense of the answer, and the reply, involving the mental capacity of the plaintiff, without the intervention of a jury? In the case of *Perry* v. *The M.*

*O'Neil & Co.*, 78 Ohio St., 200, the first paragraph of the syllabus is:

"A release of a cause of action for damages for personal injuries, that is void, is not a bar to such an action, and the plaintiff may, if it is set up by answer as a bar to his right of action, by reply aver the facts that make it void; but if it is not void, but only voidable, he cannot maintain his action until the release is set aside."

The question then turns on the proposition as to whether or not the application was void or only voidable. While there are some averments in the reply which would tend to make the application only voidable, other averments would show the same to be absolutely void. The averments that the plaintiff did not know what he was signing, that he was without mental capacity to transact any business at the time of the signing of the application, are facts, which, if proven, would show the application not voidable, but void, and were proper averments, upon which the plaintiff was entitled to have the consideration of a jury. In the case of *Brown* v. *The Kiechler Mfg. Co.*, 98 Ohio St., 440, decided by the supreme court of Ohio the 19th day of March, 1918, the supreme court on reversing the court of appeals of Hamilton county, Ohio, held that the mental capacity of the plaintiff to contract at the time he signed the paper writing purporting to be a release, as set forth in the answer, is a question of fact, to be determined by a jury under proper instructions, citing the case of *Perry* v. *O'Neil & Co., supra,* with approval, and remanded the cause to the superior court of Cincinnati, Ohio, for further proceedings and trial according to law.

We are of the opinion that the instant case is clearly within the rules laid down in the cases of *Perry* v. *O'Neil & Co.* and *Brown* v. *Kiechler Mfg. Co., supra,* and that the trial court erred in hearing and determining the case as it did, and for this reason the judgment is reversed, and the cause remanded for further proceedings and trial according to law.

*Judgment reversed, and cause remanded.*

SHOHL, P. J., and CUSHING, J., concur.

Judges of the First Appellate District, sitting in place of Judges KINKADE, RICHARDS and CHITTENDEN of the Sixth Appellate District.