## Griesmer et al., Appellants, *v.* Netter.

*Negligence—Automobiles—Master and servant—Infant.*

1. Where the owner of an automobile and an owner of a garage enter into an agreement by which the latter is to deliver the car at its owner's residence, and return it to the garage whenever requested, the driver of the car at such times is not in the employ of the owner of the car, but of the owner of the garage, and, while being driven back and forth, the car is entirely under the control of the garage owner and his employee.

2. If in such case, it appears that the driver was a boy thirteen years old, and that the owner of the car knew this fact, the latter cannot be charged with negligence in permitting so young a boy to drive his car, if it appears that the accident happened after the boy had returned to the garage, and then drove the car out again for a purpose wholly in furtherance of the garage owner's business.

Argued March 23, 1922.   Appeals, Nos. 329 and 330, Jan. T., 1922, by plaintiffs, from order of C. P. No. 1, Phila. Co., June T., 1919, No. 2908, refusing to take off nonsuit, in case of Harry Griesmer, Jr., by his father and next friend, Harry Griesmer, Sr., and Harry Griesmer, Sr., in his own right, v. Jacob Netter.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before SHOEMAKER, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to remove same.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*R. M. Bernstein,* of *Levinson & Bernstein,* for appellants, cited: Hess v. Berwind White C. Min. Co., 178 Pa. 239; Raub v. Donn, 254 Pa. 203.

*Richard A. Smith,* for appellee, cited: Lotz v. Hanlon, 217 Pa. 339.

OPINION BY MR. JUSTICE FRAZER, April 10, 1922:

Harry Griesemer, Jr., one of the plaintiffs, aged nine, was injured by an automobile owned by defendant but driven by a thirteen-year-old boy named Gallagher, an employee of the owner of a garage located at 15th and Dauphin streets, Philadelphia.   Defendant stored his automobile at the Dauphin Street garage under an arrangement whereby the proprietor was not only to store the car but also to call for and deliver it to defendant's residence daily.   On the evening of the accident defendant telephoned from his home to the garage requesting McGlinn, the man in charge at night, to send for the car. Gallagher, acting under instructions from McGlinn, called at defendant's house, procured the car and returned it to the garage which he was in the act of enter-

ing when a chauffeur, who at times worked about the place, requested Gallagher to drive him in defendant's car to 33d and Dauphin streets, in answer to a call for a repair man to put a disabled car in commission. Gallagher did as requested, afterwards driving the chauffeur to his home at 12th and Norris streets and, while returning to the garage from the errand, the accident happened for which damages are here sought to be recovered. The court below entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

Under the agreement requiring the owner of the garage to deliver the car at defendant's residence and call for and return it to the place of storage whenever requested, the driver of the car at such times was not in the employ of defendant but of the owner of the garage, and, while being driven back and forth, the car was entirely under the control of the garage owner and his employee. In Luckett v. Reighard, 248 Pa. 24, 32, where the facts were similar in many respects to those presented here, we said: "While the employee was performing this duty. [returning the car from the owner's home to the garage] especially in the absence of the owner, he was manifestly not the servant of Schmeltz [owner of the car] but of defendant [proprietor of the garage] who employed him and paid him for the service. He was under the defendant's control and was subject to his orders and directions. When the machine was being returned to the garage from the Schmeltz residence by the employee on the night of the accident, it was as much in the custody of the defendant, as when it was stored in the garage. While the employee, therefore, was operating the machine between those two places he was doing so in furtherance of the business of his employer who was responsible for his acts."

Plaintiff contends, however, that the present case is not within the rule of the above authority for the reason Gallagher was not only driving in violation of the statute, prohibiting persons under the age of sixteen from

operating automobiles on public highways, but within the line of decisions holding that where a person places under the control of a child of tender years an instrumentality the inherent dangers of which the child is unable to fully appreciate and understand and which he is likely to misuse, such person is responsible for the consequences of any act of the child resulting in the injury of a third person, and, under the circumstances of this case, the question whether Gallagher, by reason of his youth, was unable to understand and appreciate the dangers incident to the operation of an automobile was for the jury to pass upon. Whether an automobile is per se a dangerous instrumentality or machine within the rule plaintiff seeks to apply may well be doubted. We are not required, however, to pass upon that question in the present case as defendant was not responsible for the choosing of the driver. Assuming he was aware the boy would be sent for the car and negligent in permitting a youth of that age to take possession of and drive it, the uncontradicted evidence shows the particular object of delivering the car to the garage was fully performed; and, as its being taken out after such delivery was on business not connected with the owner of the car, and as Gallagher was then acting under the direct authority of his general employment, the negligence, if any, in permitting him to use the car for the purpose above indicated, was in furtherance of his employer's business and not that of defendant: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451.

The judgment is affirmed.