Robinson, J.
 

 The plaintiff in error was the plaintiff in the trial court. The action was upon an account for labor performed for and material furnished to the defendant in error. The answer to the petition of the plaintiff was a general denial.
 

 A trial was had and judgment was entered for the plaintiff. Error was prosecuted to the Court of Appeals, where the judgment of the trial court was reversed and final judgment entered for the defendant in error, on the ground that, from the undisputed facts contained in the evidence received at the trial below, “Alexander Golden was an inde
 
 *595
 
 pendent contractor employed by Isadore Revelson *- * * for the construction of the building in question in this action and was not an agent of said Revelson.”
 

 Error is prosecuted here.
 

 The record discloses that in the year 1921 defendant in error was the owner of a certain lot upon which a certain building was constructed, in the construction of which the plaintiff in error performed certain labor and furnished certain material. The controversy in this case grows out of the question whether defendant in error himself constructed the building, through the Golden Building Company, as agent, or whether the Golden Building Company constructed it as a principal contractor.
 

 Two questions are raised here, one of fact and the other of law.
 

 The question of fact is, Does the evidence disclose any controversy as to the terms of the verbal contract between the defendant in error and the Golden Building Company?
 

 We have carefully read the record and find no such controversy. The undisputed evidence discloses that the defendant in error agreed to pay the Golden Building Company (sometimes referred to in the record as Sam Golden, and sometimes referred to as Alexander Golden) for the construction of the building in question the cost of material and labor, plus $800, the building to be completed within a specified time; that the building was constructed by the Golden Building Company through various subcontractors, of whom plaintiff in error
 
 *596
 
 was one; that the negotiations and contracts of the various subcontractors were solely with the Golden Building Company; that the defendant in error had no control over the Golden Building Company, either in the placing of the various subcontracts, or in the manner of the execution by the Golden Building Company of its contract with defendant in error, and no control over the subcontractors in the execution of their contracts with the Golden Building Company; that payments were made to the various subcontractors, including the plaintiff in error, sometimes by the Golden Building Company, sometimes by the defendant in error, and sometimes by the Eagle Savings & Loan Company, acting for defendant in error, as the work progressed, upon the order of the Golden Building Company; that such payments as were made by the defendant in error or the Eagle Savings & Loan Company were by checks, drawn in favor of the various subcontractors, upon the order of the Golden Building Company; that upon the final settlement between the defendant in error and the Golden Building Company a deduction was made from the $800 agreed to be paid to it in excess of cost, because of delay in the completion of the building.
 

 The legal question is, Do the above facts create the relationship between the defendant in error and the Golden Building Company of principal and agent, or do they create the relationship of owner and independent contractor?
 

 To epitomize, this was a contract between the defendant in error and the Golden Building Com
 
 *597
 
 pany, whereby the G-olden Building Company, for a money consideration, the amount of a part of which was definitely fixed and the basis for the ascertainment of the balance of which was likewise definitely fixed, agreed to produce a certain result; namely, the completion of a building, without retention in the defendant in error of the power to impose his will upon the G-olden Building Company in the manner of accomplishing the result. Such a contract does not create the relationship of principal and agent. We are unable to see any distinction in the relationship created by the cost plus $800 contract and the relationship that would have been created by a contract wherein the Golden Building Company had agreed to build the building for $20,800. The fact that the cost of the labor and material was not definitely determined in advance and the amount of the profit was definitely determined in advance does not distinguish the character of the contract from that of a contract where the cost is attempted to be determined in advance, since a definite basis was agreed upon by which the cost was to be ascertained.
 

 The fact that some of the payments for labor and material were made by the defendant in error direct to the subcontractors, upon the order of the principal contractor, does not distinguish the contract from the character of contracts that pay to the principal contractor upon estimates.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.