Jones, J.
 

 Was McAdow an employe within tbe terms of tbe Workmen’s Compensation Law or was be an independent contractor? Section 1465-61, (General Code, provides that an employe shall be construed to mean “every person in tbe service of * # * any county * * * under any appointment or contract of hire.” This undoubtedly means a person employed by tbe county commissioners, acting under their supervision under circumstances where tbe commissioners could fix tbe hours of labor and could control tbe mode and manner of bis work. That it does not include an independent contractor as one operating under “a contract of hire” is clearly shown by subdivision 3 of that section, which makes tbe Workmen’s Compensation Law amenable, not to tbe independent contractor, but to bis employe; and only then when be is an employe of an independent contractor employing three or more workmen under tbe present law. Since Mc-Adow was not such an employer bis assistant, Wood, bad be been injured, would not have been compen
 
 *201
 
 sated out of the fund.
 
 Industrial Commission
 
 v.
 
 Everett,
 
 108 Ohio St., 369, 140 N. E., 767. How can it be claimed, then, if Wood could not get compensation, McAdow his employer could? Furthermore, that an independent contractor is not included as a person working under a “contract of hire” is clearly evinced by the fact that under Section 1465-45, General Code, independent contractors employing a certain number or more of workmen are required to furnish the commission with the number of their employes and their pay roll, for the fixing of their premiums.
 

 “The Compensation Law does not apply where the injured person is an independent contractor, and the relation of employer and employe does not exist. * * * Generally speaking, an ‘independent contractor’ is one who exercises an independent employment and contracts to do a piece of work according to his own method, without being subject to the control of the employer, save as to the results of his work.” Volume 1, Honnold on Workmen’s Compensation, 208. And on page 211, the author states: “When the doing of specific work is intrusted to one who exercises an independent employment, and selects his own help, and has the immediate control of them, and the right to control the method of conducting the work, the contractor is an independent contractor.” The Ohio authorities are to the same effect. In
 
 Clark
 
 v.
 
 Fry,
 
 8 Ohio St., 358, 72 Am. Dec., 590, it is held in proposition five of the syllabus that while an employer may be held to be liable where he retains power of control and direction over his servant, such liability does not arise where the owner contracts with an independent contractor who “has taken upon himself the responsibility of the employment of his own hands, and the control and direction of the work in conformity with the terms of the contract.”
 
 Kruse
 
 v.
 
 Revelson,
 
 115 Ohio St., 594, 155 N. E., 137, 55 A. L. R., 289;
 
 Klar
 
 v.
 
 Erie Rd. Co.,
 
 118 Ohio St., 612, 162 N. E., 793.
 
 *202
 
 The same rule is enforced where an independent contractor seeks compensation under the Workmen’s Compensation Law.
 
 Smith
 
 v.
 
 State Workmen's Ins. Fund,
 
 262 Pa., 286, 105 A., 90, 19 A. L. R., 1156;
 
 In Matter of Litts
 
 v.
 
 Risley Lumber Co.,
 
 224 N. Y., 321, 120 N. E., 730, 19 A. L. R., 1147;
 
 Carleton
 
 v.
 
 Foundry & Machine Products Co.,
 
 199 Mich., 148, 165 N. W., 816, 19 A. L. R., 1141;
 
 Storm
 
 v.
 
 Thompson,
 
 185 Iowa, 309, 170 N. W., 403, 20 A. L. R., 658.
 

 In determining the relation between McAdow and the county commissioners in the instan,t case, and especially whether McAdow was employed as an independent contractor, recourse should be had to the terms of his employment as recorded upon the minutes of the county commissioners. The resolution adopted by them discloses that McAdow was employed for a specific job; he could select his own materials and provide his own labor. He had the right to and did employ his subordinate or assistant. While the resolution provided for a maximum price for the wall paper and labor to be furnished on the job, whatever profit was made on that job went, not to the commissioners, but to McAdow himself; for the evidence shows that Wood was sometimes employed at less wages than the amount the resolution of the commissioners permitted. No reservations were made by the resolution seeking to control the mode and manner of papering the witness room. The execution of the contract was left entirely to the independent judgment of McAdow. The testimony of one of the commissioners is of doubtful competency. . If the status of independent contractor was created by the resolution of the board of commissioners it was not within the competency of one of the commissioners to change that relation. However, the one commissioner who did testify stated that the only thing he did was to see Mr. McAdow personally and tell him where to hang the paper on the wall.
 

 
 *203
 
 Since the resolution of the county commissioners clearly discloses that they employed McAdow to do a specific job within a maximum price, with no reservation of control on the part of the county commissioners, McAdow, having the power of furnishing his own materials and of hiring his own assistants, thereby controlling the amount of his profits, it is clearly evident that McAdow occupied the relation of an independent'contractor and that he was not an employe under a contract of hire within the meaning of Section 1465-61, General Code.
 

 The judgments of the lower courts will be reversed, and proceeding to render the judgment which the Court of Appeals should have rendered judgment will be rendered for plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Aleen, Stephenson and Matthias, JJ., concur.
 

 Kinkade, J., not participating.