HOLDEN, APPELLEE, *v.* THE BEEBE FUEL CO. ET AL., APPELLANTS.

(Decided June 13, 1938.)

*Mr. Samuel Z. Kaplan* and *Mr. Robert N. Zanville,* for appellee.

*Mr. Herbert S. Duffy,* attorney general, and *Mr. Robert J. W. Meffley,* for appellants.

OVERMYER, J. This is an action under the Workmen's Compensation Law and the appeal is prosecuted by the Industrial Commission to reverse a judgment entered on a verdict in Common Pleas Court in favor of appellee, Ralph W. Holden, who was injured on September 23, 1936, while engaged in painting the exterior of the buildings leased and occupied by The Beebe Fuel Company, a retail coal dealer in the city of Toledo.

The errors assigned are that the verdict of the jury is contrary to law, and that the court erred in over-

ruling defendants' motions duly made for a directed verdict.

The injuries resulting to appellee occurred after a few days' work in painting the buildings under a written contract of hire with the fuel company, when he fell from a scaffold, erected by him, onto a concrete surface. The written contract referred to consisted of a printed form furnished by appellee, dated September 19, 1936, and filled in by appellee with the name of the fuel company, the color of paint to be used, the number of coats to be applied, and that the pay was to be $1.15 per hour for two men, "65 cents per hour for myself and 50 cents for the other lad." On the reverse side of the form immediately above the signatures of the parties, appeared the following printed terms:

"The contractor agrees to do, in a thoroughly workmanlike manner, the work specified on this sheet. All materials, tools, equipment and labor to be furnished by the contractor. Work to start—at once—and to be completed—soon as possible—weather and other conditions beyond contractor's control permitting. Contract price $...... Terms of payment: After first coat applied $......; On completion of job $......

"Accepted (Signed) T. A. Beebe
"Property Owner
"(Signed) Ralph W. Holden
"Painting Contractor."

It appears from the evidence that the work was begun and prosecuted in conformity with the foregoing contract, except that the paint was furnished by the owner of the premises, the fuel company being lessee. The evidence further shows that the helper was appellee's son and was employed by appellee, not by the fuel company, the fuel company agreeing only to pay 50 cents per hour for his wage; that the job of painting undertaken was a specific one, viz., the painting of the exterior of the fuel company buildings at that

location; that no specific control was reserved or exercised by the fuel company over the work or the manner of doing it, the hours per day to be employed, the handling of the equipment which belonged to appellee, or in any other manner.

It is the claim of appellants that, under the facts shown, the relation of employer and employee did not exist, but that the appellee was an independent contractor, and further, that if appellee was an employee under these facts, his employment was but casual and under the statute therefore excluded from the application and benefits of the Workmen's Compensation Act.

Paragraph 2 of Section 1465-61, General Code, provides as follows:

"Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

The Supreme Court of Ohio in *State, ex rel. Bettman, Atty. Genl.,* v. *Christen,* 128 Ohio St., 56, 190 N. E., 233, has fully discussed the foregoing provision of the statute, as it has existed since its amendment in 1917, whereby Ohio was placed with certain other jurisdictions under the rule that one under a contract of hire in the service of another is an employee "unless his employment is *both* casual *and* at the same time not in the usual course of the employer's business," as distinguished from those jurisdictions where the rule is otherwise because of the disjunctive *or* instead of the conjunctive *and*. Quoting from an English case (*Hughes* v. *Walker* [Eng. App., 1926], 19 Butter-

worth's Workmen's Compensation Cases, 79) cited in the foregoing opinion, the rule in Ohio now is:

"* * * it is plain that in order to be outside the act the workman must be a person who fulfils those two characteristics, firstly, he must be a man whose employment is of a casual nature, and secondly, one who is employed otherwise than for the purpose of his employer's trade or business."

We quote further from the opinion in the *Christen case, supra*:

"Under the weight of authority as it now exists, the test as to what constitutes 'casual' employment is not the length of the employment, but the nature of the employment," citing some fifteen cases, then stating further: "Under the general doctrine of these cases, the test is whether the employment was in the usual course of the employer's business. If so, the employment is held to be not 'casual.' "

Under the facts of the *Christen case* the Supreme Court held the claimant entitled to recover because "actually engaged in the usual course of business of the defendant at the time of the accident." Further discussions of the word "casual," as used in compensation acts, will be found in 60 A. L. R., 1195, note, and 107 A. L. R., 934.

Following the Ohio rule of interpretation as laid down in the *Christen case,* which has not been overruled but consistently followed, we hold that appellee's employment was but casual and was surely not in the usual course of the employer's business, for the employer was a coal dealer and was not even the owner of the properties to be painted; it furnished none of the material or equipment to do the work; the appellee was to do this specific job of painting the several buildings, and when completed the employment would end; it was a single job, for a short period, under a written contract, and of a type of work in no way required or con-

nected with the business of the fuel company but purely incidental, like the repair of a roof, the laying of a sidewalk or any incidental, occasional and irregular work connected with the repair or maintenance of the buildings and properties of the coal dealer. To adopt appellee's contentions would open up a field clearly not within the contemplation of the creators of the act. In support of our view, we cite the case of *Lamont* v. *Intermountain Realty Co.,* 48 Wyo., 56, 41 P. (2d), 497, where the subject is fully discussed, and authorities collected and commented upon. In one English case cited therein (*Hayes* v. *S. J. Thompson Co.,* 6 B. W. C. C., 130), appears this pertinent language of the court:

"For instance, take the case of painting; there is scarcely any business at all which does not require periodical painting of the premises. The owner of a factory or mill is not a painter. Painting is not any part of his business. That is not the business which he undertakes, and I think we should be giving an enormous scope to this section [of the act] if we were to hold that all those incidental operations, although reasonably incidental to the business, and the business not being capable even of being carried on without them, came within the section."

In the closing words of the opinion in the *Lamont case, supra,* the court say:

"No hotelkeeper has ever paid anything into the industrial accident fund for any painting done or other renovations made in his hotel; nor has he been asked or required to do so by the executive branch of this state. Yet we know that more or less of that must have taken place in every hotel in this state during every year since the existence of the Workmen's Compensation Law. * * * Further, if the law applies to hotelkeepers under the circumstances here disclosed, it would under the same or similar circumstances apply

to storekeepers and others not dissimilarly situated, and perhaps even to all owners of a home, as pertinently pointed out in the Oklahoma case heretofore cited (*Meyer* v. *Davis,* 162 Okla., 16, 18 P. [2d], 869, 870) and this, in all likelihood, would require a radical change in our scheme for the payment of injuries thus arising. The truth is, that in the case at bar, the business or trade of painting was that of the workman herein, as he himself testified, not that of the owner of the hotel, and while the evidence in this case is, perhaps, too meager to say so definitely, it would almost seem that he should be considered in the nature of an independent contractor."

We think the present record, with the written contract at the basis of it, clearly makes out a case of independent contractor, for the terms of the contract and the prosecution of the work under it, so far as it had proceeded, has all the elements of an independent contract. An important test to be applied to determine that point is the control of the work reserved by the employer. 21 Ohio Jurisprudence, 624, Section 3 *et seq.,* and cases cited.

There is no evidence whatever that any control was reserved by the fuel company. On the contrary, the evidence shows that on one morning when it was foggy and damp, Mr. Beebe said to the painters he supposed they could not do any painting and that appellee replied they could paint by going up under the eaves where the boards were dry, which was done. On one or two occasions Mr. Beebe looked at the work and said it was "all right," or words to that effect. This is all that appears and all that is claimed on the subject of control reserved by the employer.

The facts in this record do not meet the requirements of the statute and the trial court should have sustained the motion for a directed verdict for the de-

**436**

fendants. The judgment will be reversed and final judgment ordered for appellants.

> *Judgment reversed and final judgment for appellants.*

Lloyd and Carpenter, JJ., concur.