## SMITH v. PRICE BROS. CO.
### No. 9285.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

Writ of Certiorari Denied Feb. 8, 1943.

752

John Ruffalo, of Youngstown, Ohio (John Ruffalo and Clinton J. Wall, both of Youngstown, Ohio, on the brief), for appellant.

Henderson, Ranz & Henderson, of Youngstown, Ohio (Harrington, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Frank Smith, complains of the ruling of the lower court directing the jury peremptorily to find a verdict for the appellee, Price Brothers Company.

Taking the view of the evidence most favorable to the appellant, the facts are that appellant suffered severe fractures of the vertebrae while working on a scaffold from which he claims he was caused to fall by reason of the negligence of appellee.

Appellee, Price Brothers Company, was the general contractor for construction of a building at Toronto, Ohio, and in connection therewith a partnership, of which appellant was a member, made a written proposal to the appellee to clean certain parts of the building which proposal was accepted. The pertinent part of this proposal is found in the margin.[1]

Appellant and his partner, Frank P. Meglan, commenced work under this contract on June 17, 1940, and on June 18, 1940, while appellant was standing on a swinging platform, a hoisting cable being operated by employees of appellee doing a different part of the work, struck the swinging platform causing appellant to fall. He was taken immediately to the Ohio Valley Hospital at Steubenville, Ohio, where after examination, his physician found him to be suffering from shock, a broken neck, contusions on his head, neck and spine with involvement of the ulnar nerve. He was treated for three days for shock and then placed in a plaster cast which he wore until October, after which he was placed in a neck brace, which he continues to wear.

On the morning after the accident, appellee's purchasing agent and paymaster prepared and signed a written acceptance of appellant's partnership proposal and antedated it June 12, 1940. It was therein stated: "In accordance with second paragraph of his proposal, we to carry your men on our payroll at mason's wages ($1.75 per hr.) total cost not to exceed $560. less $20.00 for acid."

---

[1] We propose to furnish all labor, materials and equipment necessary to clean exterior brick and stone masonry, clean interior face brick masonry and do necessary pointing of brick and stone masonry on the above job for the sum of $560.00.

We also propose to furnish swinging scaffold and necessary equipment, you to furnish materials and pay for actual time worked on the job at mason's wages ($1.75 per hour), the total cost of materials and labor not to exceed $560.00. We are to receive the difference between actual cost and $560.00.

We agree to do all work in a neat workmanlike manner according to plans and specifications.

Thereupon appellee's paymaster caused the name of the appellant and his partner, Frank P. Meglan, to be placed on appellee's payroll records as its employees. On the day this was done appellee's purchasing agent stated to Meglan that by antedating appellee's acceptance of the partnership contract and making the addition thereto just stated and by placing the names of the members of the partnership on appellee's payroll record, appellant would be eligible to obtain compensation from the State Insurance and Occupational Disease Fund through the Industrial Commission of Ohio. Meglan, appellant's partner, stated to appellee's purchasing agent that if the purchasing agent was of the opinion that was the best thing to do, it was all right. Appellant had no knowledge of these transactions.

On June 19, 1940, the morning after the accident, appellee's paymaster prepared, in the name of the appellant, an application to the Industrial Commission of Ohio seeking payment of compensation, medical service and hospitalization, on the ground appellant was an employee of appellee. Some of the facts stated in the application were furnished by appellant's partner, Meglan. Appellee's paymaster gave the application to Dr. Ben L. Casey, appellant's first attending physician, who completed the medical part. About four days after the accident Dr. Casey took this application to the hospital and had appellant sign it. The claim was then mailed (by someone whose name is not shown in the record) to the Industrial Commission of Ohio at Columbus, Ohio, and was allowed by the Commission. Subsequently all of appellant's hospital and medical bills were paid out of the State Insurance and Occupational Disease Fund, and compensation was paid also to appellant to and including October 26, 1941, all of which he has retained.

Dr. Casey, who died before the trial in the lower court, was physician for the Ohio Edison Company, which corporation was the owner of the building on which appellant was working at the time of his injury. Appellant testified at the time he signed the application he was advised by Dr. Casey it was made to the State of Ohio and appellant believed because the partnership of which he was a member had paid into the State Insurance and Occupational Disease Fund, the premiums required to entitle it to the rights and benefits of said fund, that he was applying for insurance benefits from that source. Appellant said he continued in this belief until his deposition was taken in this case in October 1941, at which time he learned that he had been receiving insurance on the ground that he was an employee of the appellee, Price Brothers Company.

Appellant also testified that at the time he signed the application presented to him by Dr. Casey, he did not read it and was unaware that it showed he was an employee of appellee. He also testified that at the time the paper was signed he was in bed at the hospital, encased in a cast and suffering great pain, mental and physical, and was under the influence of opiates.

On June 26, 1940, appellee issued its check for $27.72 with appellant as payee and noted thereon "Registered F-4945-$27 and 72¢," which check was accepted by appellant, indorsed and cashed.

Appellant commenced this action against appellee on February 15, 1941, by an amended complaint, it having been originally filed October 1, 1940, against the Babcock & Wilcox Company, and the Babcock & Wilcox Tube Company. On October 8, 1940, appellant's attorneys, pursuant to written authority from appellant, examined the files of the Industrial Commission of Ohio at Columbus, Ohio, which files showed that appellant was receiving compensation insurance as an employee of appellee at the time of his injury. The partnership of Frank P. Meglan & Company was a contributor to, and entitled to all the rights and benefits of, the Ohio Workmen's Compensation Fund, at the time appellant was injured. The lower court concluded as a matter of law that appellant having filed his application for Workmen's Compensation with the Industrial Commission of Ohio and his claim having been allowed and paid by the Commission, he was estopped from instituting this action.

█ Under the laws of Ohio a person who renders service to another in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished, is an independent contractor and not an employee of his employer. City of Cincinnati v. Stone, 5 Ohio St. 38; Hughes v. Railway Company, 39 Ohio St. 461; Schickling v. Post Publishing Company, 115 Ohio St. 589, 155 N.

E. 143; Industrial Commission of Ohio v. McAdow, 126 Ohio St. 198, 184 N.E. 759.

■ Applying this rule of law to the facts we have here, appellant was an independent contractor and not an employee of appellee at the time of his injury. Appellee had no control over the manner or method of performing the services required of appellant under the employment contract.

■ Employee members of a partnership, firm or association are not embraced within the terms "workmen" and "employees" as used in Section 35 of Article 2 of the Constitution of Ohio relating to Workmen's Compensation, and the General Assembly of the State lacked the power to provide for compensation for employee-members of a partnership, firm or association. Goldberg v. Industrial Commission of Ohio, 131 Ohio St. 399, 3 N.E.2d 364. Since appellant was not an employee of the appellee, and the partnership of which he was a member had complied with the Compensation Laws of Ohio, appellant was not entitled to receive compensation insurance from the State of Ohio as an employee of appellee or as an employee member of the partnership of Meglan & Company. Trumbull Cliffs Furnace Company v. Shackovsky, 27 Ohio App. 522, 161 N.E. 238; Holden v. Beebe Fuel Company, 60 Ohio App. 430, 21 N.E.2d 874; Industrial Commission v. Everett, 108 Ohio St. 369, 140 N.E. 767. There is testimony in the record tending to prove that appellant was an employee of appellee at the time of his injuries. Under such circumstances the issue was for the jury under appropriate instructions. Industrial Commission of Ohio v. Laird, 126 Ohio St. 617, 186 N.E. 718.

Under the Compensation Laws of Ohio, any employer who pays the premiums or compensation provided by law shall not be liable to respond in damages at common law for injury to an employee. General Code of Ohio, Section 1465-70.

■ Cases are not within the purview of the above section or of the other parts of the Act unless it is made to appear that the injured person was an employee of the employer, or an employee of an independent contractor who carried no insurance. In the latter case, the Act would apply if the injuries were received under circumstances which would have made the principal liable had the employee been in his immediate employment.

■ Under Section 1465-90 of the Ohio General Code, the Industrial Commission of Ohio has full power and authority to hear and determine all questions within its jurisdiction and its decisions thereon are final. It is clear, however, that to give the Commission jurisdiction in the premises, a valid application must be filed. As disclosed by the evidence and law in the case at bar, appellant could not qualify as an applicant for compensation under the terms of the statute. Appellant put in the record evidence that at the time he signed the application, he was suffering great mental and physical distress, that he was running a temperature and was under the influence of narcotics and that his condition was such that he was mentally incapable of transacting business. The evidence also shows appellant was laboring under the erroneous belief that he was entitled to compensation because of the contributions made by his partnership to the insurance funds of the Industrial Commission.

■ The facts disclosed by appellant, if true, show that the application filed on his behalf with the Industrial Commission was void, not merely voidable, and under such circumstances, the filing of the papers could not confer power on the Commission to take jurisdiction in the premises. Under these conditions appellant had the right to maintain an independent action against appellee and ignore any proceedings he had theretofore instituted before the Industrial Commission. Affield v. Paige Dairy Company, 11 Ohio App. 122.

■ Under the Ohio precept, if a party with a full understanding of the facts applies to the Commission for compensation and the Commission finds in his favor, and such applicant accepts compensation under the Act, he is estopped from instituting suit for damages, resulting from his injuries, and covered by his claim. Conrad v. Youghiogheny & Ohio Coal Co., 107 Ohio St. 387, 140 N.E. 482, 36 A.L.R. 1288; Industrial Commission v. Brosky, 128 Ohio St. 372; Lopez v. King Bridge Company, 108 Ohio St. 1, 140 N.E. 322. On the other hand, under the Ohio precept of the rule, in order to create estoppel by acceptance of benefits, it is essential that the person against whom estoppel is claimed, should have acted with knowledge of the facts and of his rights, and that the party claiming estoppel should have been without knowledge or means of

knowledge of the facts on which he based his claim and that he was misled to his prejudice. O'Grady v. City of Newark, 6 Ohio App. 388; Allenbaugh v. Canton, 137 Ohio St. 128, 28 N.E.2d 354; Brown v. Kiechler Mfg. Co., 98 Ohio St. 440, 121 N. E. 901. Under the present facts, there is some evidence that appellant did not know, nor by the exercise of ordinary care, could have known, all the facts and circumstances attending his acts on which appellee relies as creating estoppel. The issue therefore should have been submitted to the jury.

The fact that appellant had received compensation under the Workmen's Compensation Act of Ohio was not mentioned in his petition, but first appeared in the answer filed by appellee. The facts shown by appellant would render void, not merely voidable, his application to the Industrial Commission for compensation. Therefore, in view of the holding of the Supreme Court of Ohio in the case of Perry v. M. O'Neil & Co., 78 Ohio St. 200, 85 N.E. 41, appellant could maintain this action without repaying or offering to repay to the Industrial Commission of Ohio the sums received by him from it. Martin v. Sentker, 12 Ohio App. 46.

Cause reversed for further proceedings consistent with this opinion.