Taft, J.
The basic question to be decided on this appeal is whether there was sufficient evidence to justify the jury in finding that Cooksey, at the time of the accident, was operating defendant’s automobile as an agent or servant of defendant, or that the relationship at such time between defendant and Cooksey, with respect to the operation of defendant’s automobile, was one of principal and agent or of master and servant. If there was such evidence, the judgment of the Court of Appeals must be affirmed, and, if not, that judgment must be reversed and final judgment must be rendered for defendant.
*295 In the opinion by the court in Miller v. Metropolitan Life Ins. Co., 134 Ohio St., 289, 291, 16 N. E. (2d), 447, it is said:
‘ ‘ The fundamental rule generally recognized is that the doctrine of respondeat superior is applicable to the relation of master and servant or of principal and agent, but not to that of employer and independent contractor * * *.
“The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, or the right to control, the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relation is that of employer and independent contractor. ”
This apparently simple test for ascertaining whether the doctrine of respondeat superior should be applied to a particular relationship has been repeatedly applied by this court. Clark v. Fry, 8 Ohio St., 358, 72 Am. Dec., 590; Pickens & Plummer v. Diecker & Brother, 21 Ohio St., 212, 8 Am. Rep., 55; Hughes v. Railway Co., 39 Ohio St., 461; Braun v. Averdick, 113 Ohio St., 613, 150 N. E., 41; Schickling, an Infant, v. Post Publishing Co., 115 Ohio St., 589, 155 N. E., 143; Kruse v. Revelson, 115 Ohio St., 594, 155 N. E., 137, 55 A. L. R., 289; Klar v. Erie Rd. Co., 118 Ohio St., 612, 162 N. E., 793; Babbitt v. Say, Admr., 120 Ohio St., 177, 165 N. E., 721; Industrial Commission v. McAdow, 126 Ohio St., 198, 184 N. E., 759; Gillum v. Industrial Commission, 141 Ohio St., 373, 48 N. E. (2d), 234; Bobik v. Industrial Commission, 146 Ohio St., 187, 64 N. E. (2d), 829; Giovinale v. Republic Steel Corp., 151 Ohio St., 161, 84 N. E. (2d), 904; Rogers v. Allis-Chalmers Mfg. Co., 153 Ohio St., 513, 92 N. E. (2d), *296 677, 18 A. L. R. (2d), 1363; Behner v. Industrial Commission, 154 Ohio St., 433, 96 N. E. (2d), 403; Senn, Admx., v. Lackner, 157 Ohio St., 206, 105 N. E. (2d), 49; Toms, a Minor, v. Delta Savings & Loan Assn., 162 Ohio St., 513, 519, 124 N. E. (2d), 123; Ross v. Burgan, ante, 211.
As stated in paragraph four of the syllabus of Clark v. Fry, supra:
“The rule of respondeat superior, as its ternas import, only arises out of the relation of superior and subordinate, is applicable to that relation wherever it exists, as between principal and agent, or master and servant, is coextensive with it, and ceases when that relation ceases to exist; and the reason of it is to be traced to the power of control and direction, which the superior has a right to exercise, and which, for the safety of others he is bound to exercise over the acts of his subordinates.”
However, as is not unusual with respect to rules of law which can be stated in such simple language, difficulties have arisen in applying the foregoing test to the facts of particular cases. Cf. Miller v. Metropolitan Life Ins. Co., supra, with Metropolitan Life Ins. Co. v. Huff, 128 Ohio St., 469, 191 N. E., 761. See Restatment of the Law of Agency, Section 220. This is probably the reason for the apparent conflict between the decision rendered by the majority of the Court of Appeals of the Fifth Appellate District in the instant case and that rendered by the majority of the Court of Appeals of the Fourth Appellate District in Sams v. Hughes, 90 Ohio App., 199, 105 N. E. (2d), 460.
In Hughes v. Railway Co., supra, the syllabus reads in part:
“2. A corporation organized for the purpose of constructing and operating a railroad # * may contract with another person for the construction of the whole *297 or any part of the road, without retaining the right to control the mode or manner of doing the work; and in such case the corporation is not liable to third persons for an injury resulting from the carelessness or willful act of the contractor.
“3. But if the corporation retain control over the mode and manner of doing the work, the relation of independent contractor does not exist, and the employer is liable for an injury to third persons from the carelessness or willful wrong of the contractor, while engaged in the performance of the work.
“4. A right reserved in the contract, on the part of the railroad company, to direct as to the quantity.of work to be done, or the condition of the work when completed, is not a right to control the mode or manner of doing the work, within the rule above stated.
“5. When an employer retains control over the mode and manner of doing a specified portion of the work only,- and an injury results to a third person from the doing of some other portions of the work, the contractor alone is liable.”
In the instant case, it is clear that, after defendant delivered his car to Cooksey to be driven back to the service station, he had relinquished any right “to control the mode or manner of doing the work” for which he had contracted, and that “work” included the driving of his car from his home to the service station. The fact, that thereafter he might further direct with respect to the redelivery of his car or the quantity of the work to be done or the condition of the work when completed, was not, as pointed out in paragraph four of the syllabus of the Hughes case, “a right to control the mode or manner of doing the work,” within the rule stated in that syllabus for determining whether the relationship between the parties was that of principal and agent or of master and servant.
In the instant case, it would hardly be contended *298 that, in rendering the service arranged for with respect to defendant’s automobile, the service station and its employees would be either agents or servants of defendant. There is nothing in the evidence tending to prove that the riding home with defendant and the driving of his car back to the service station were not done merely as incidents to rendering the services to his automobile and as a part of the result for which defendant had contracted. There certainly would have been no occasion for defendant to request anyone to ride home with him and drive his car back if he had not wanted the service station to render the services on his automobile for which he had contracted.
It is argued that Cooksey rode with defendant to his home and undertook to drive his car back to the service station at defendant’s request and for defendant’s benefit and convenience. We fail to see any point to such argument unless it represents an attempt to persuade this court to revert to an expanded doctrine of the liability of the employer or principal contractor which it rejected in 1858. See Clark v. Fry, supra, 381. Where an independent contractor is employed, the employer of such contractor usually requests the contractor to rbnder the service contracted for and almost always does so for his benefit or for his convenience or both.
As to the evidence that Cooksey was through working for the day when defendant requested him to ride home with him and drive his car back, that Cooksey did not volunteer to do this, that defendant had known Cooksey well for a very long time and had made similar arrangements with Cooksey when having work done at the service station on previous occasions, that the work on defendant’s car on this particular day was to be done by an employee of the service station other than Cooksey, and that defendant had not yet made *299 any arrangements for redelivery of his car to his home or elsewhere, we fail to see how any of such evidence tends to prove that, in driving defendant’s car back to the service station, Cooksey was acting as servant for or agent of defendant. Some of this evidence clearly indicates and it all is entirely consistent with the usu il effort of a service station to attract a customer by making it convenient for him to contract with the service station for services required for his automobile.
Plaintiff apparently argues that from the course of conduct between Cooksey and defendant, with respect to the driving of defendant’s automobile to and from the service station for defendant whenever he required servicing of his automobile at that station, there could be presumed an agency by estoppel; or that such conduct justified a finding that Cooksey had apparent or ostensible authority from defendant in the driving of defendant’s automobile. However, such prior conduct of defendant could be effective as establishing an agency by estoppel or as establishing apparent or ostensible authority only because it would amount to a representation that Cooksey, in so driving defendant’s automobile, was doing so as the employee or servant of defendant. The reasons for recognizing such agency by estoppel or apparent or ostensible authority are not present in a case of this kind. There could hardly be reliance upon any representation involved in such conduct of defendant by a member of the auto-driving or aúto-riding public, such as this plaintiff riding in another automobile. Thus it is said in the comment to Section 265 of the Restatement of the Law of Agency’:
‘ ‘ The fact that a person manifests to a third person that another is his agent or servant does not of itself cause harm. It is only where there has been some reliance by a third person upon the appearance of a principal and agent or a master and servant relationship *300 that such appearance can be the basis of liability, and then only if a subsequent harm is in some manner induced by the reliance. Except in such cases, therefore, a person is not liable for the * * * negligence * * * of an apparent servant or agent.”
Our conclusion is that, where the owner of an automobile arranges with a service station for tne servicing of his automobile and at the time of making such arrangements it is agreed that an employee of the station will ride home with him and drive his automobile back to the station for the servicing, and where the owner does drive home and surrenders his car to such employee to be driven back to the station for servicing, the owner will not be responsible for negligence of such station employee in driving his automobile back to the service station. We believe that this conclusion is supported by the overwhelming weight of authority. Andrews v. Bloom, 181 Ark., 1061, 29 S. W. (2d), 284; Stamper v. Jesse, 199 Ky., 324, 250 S. W., 1008; Clostio’s Heirs v. Sinclair Refining Co. (La. App.), 36 So. (2d), 283; Onufer, Admx., v. Strout, 116 N. J. Law, 274, 183 A., 215; Butenshon v. Shoesmith, 191 Ore., 76, 228 P. (2d), 426; Siegrist Bakery Co. v. Smith, 162 Tenn., 253, 36 S. W. (2d), 80; Rich v. Holmes, 104 Vt., 433, 160 A., 173; Oakley, Admr., v. Thornbury, 114 W. Va., 188, 171 S. E., 426; Ederer v. Milwaukee Auto Ins. Co., 220 Wis., 635, 265 N. W., 694; Green’s Exrs. v. Smith, 146 Va., 442, 131 S. E., 846, 44 A. L. R., 1175; Griesmer v. Netter, 273 Pa., 546, 117 A., 205; Sweetnam v. Snow, 187 Mich., 414, 153 N. W., 770, L. R. A., 1916B, 757; annotation, 35 A. L. R. (2d), 804, 811 et seq.; 60 Corpus Juris Secundum, 1108, Section 438 b.

Judgment reversed and final judgment for defendant.

Weygandt, O. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.