Stephenson, J.
 

 Where there is a dispute as to whether or not a workman is an independent contractor or a servant, such dispute is a disputed fact and must be determined by the jury, under proper instructions. 14 Ruling Case Law, Section 16, pages 78 and 79.
 

 Where a contract is written, or, if oral, and no dispute of fact exists as to whether or not the workman is a servant or an independent contractor, the question becomes a question of law for the court.
 
 Idem.
 

 The vital test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is exercised by the employer. As a general proposition, if the workman is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. The ultimate question is not whether the employer actually exercises such control, but whether he has the right to control. Neither control over the result of the work nor supervision of the work furnishes much assistance in the determination of this question. The control by the employer of the premises where the work is being done, and his right to determine the scope of the work, are worthwhile factors. If the workman employs other workmen, pays them, and has full power to control'them in the prosecution of the work, then he is an independent contractor.
 

 The power of the employer to terminate the work
 
 *620
 
 at any time is absolutely incompatible with tbe full control of tbe work enjoyed by an independent contractor, and is a strong circumstance tending to show the subserviency of the employe.
 

 There are many facts and circumstances to be considered in distinguishing between the servant and an independent contractor, such as furnishing of workmen and appliances, mode and time of payment, power to terminate the contract, and the nature of the workman’s occupation or calling. But they all relate back to the “vital test,” the control oyer the work.
 

 The law indulges no presumption that an employe is either a servant or an independent contractor, and the burden is upon the party having the affirmative of the issue to show the relation to be such as to entitle him to recover.
 

 Laird, the claimant in the instant case, introduced testimony the tendency of which was to establish his claim that he was a servant and employe. This issue should have been submitted to the jury, under proper instructions, and the failure of the trial court so to do constituted prejudicial error. The Court < of Appeals so found, and this was a proper finding.
 

 Coming now to the question of the admissibility of testimony, it must be borne in mind that the only issue made in this ease was whether, at the time of injury, Laird was an employe or an independent contractor. As has been said, the control over the work is the determining factor on this proposition. The contractual relations between the Wicks and Laird and their respective contractual relations with other persons working with Laird become important.
 

 Section 1465-61, General Code, provides as follows: “Every person in the service of any person, firm or private corporation *
 
 *
 
 * employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any
 
 *621
 
 contract of hire, express or implied, oral or written,
 
 * *
 
 * but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer * *
 

 Under the. pleadings herein, the regularity of Laird’s employment was in issue. The Industrial Commission did not stress this issue, but Laird during the presentation of his case did not know, and had no means of knowing, that it might not do so when it came to present its case; consequently any testimony tendered along this line was competent, unless it indulged assumptions for which there was no warrant in fact, or consisted in conclusions of the witness.
 

 Unwarranted assumptions are always bad, and the jury must draw the conclusions, not the witness. Herein lies the contention of the Industrial Commission that the Court of Appeals erred in holding that certain rulings of the trial court on the admission of testimony constituted error. The first assignment of error along this line is directed to the following question found in the printed record: “Had you ever been employed before this time in- painting and papering of the Cambrian hotel?” The answer tendered was: “I worked there from the time when his father was living, five or six years back.” The trial court sustained this objection. The Court of Appeals held such ruling erroneous.
 

 We take it, from reading the record, that plaintiff in error objected to this question on possibly three grounds: First, that the word “employed” was equivalent to the statement that he was an “employe,” and that this was an ultimate fact to be determined by the jury; second, that Laird had already testified as to his contract of hire; and, third, that the use of the word “employed” in the question permitted the witness to give a conclusion as his answer.
 
 *622
 
 While he might well have done so in response to the question, he did not. He uses the word “worked.”
 

 The second ground of contention is not serious, as it simply goes to the infirmity of repetition. The extent to which a witness will be permitted to repeat testimony lies in the sound discretion of the court, and a reviewing court will not predicate error thereon unless such discretion is abused.
 

 The first contention is more serious. A better word than “employed” could have been used; “worked,” for instance. The words “service,” “employing,” “workmen,” “operatives,” and “employment” are used in the statute involved herein; and while counsel could and should avoid the use of the words “employ” and “employed” when the issue hinges so closely to them, it would be extremely difficult so to do. We hold that the use of these words in this case did not constitute reversible error.
 

 Counsel complain that the answer to this question was as incompetent as the question itself. Grant that the answer is incompetent independent of the question. It must be attacked separately, else the question is not saved. If the question is incompetent, the answer falls with the question.
 

 The second and last complaint along this line is directed to the following question: “Mr. Laird, they asked you if you had in your employ there any other persons working upon the job, did you have any other persons employed? A. No, sir, I didn’t have any persons employed. Hosey Wick had them employed.”
 

 Plaintiff in error urges the same objections to this question and answer. There is an uncalled-for, volunteer statement in the answer to this question, namely, “Hosey Wick had them employed.” We come back to the same proposition, the use of the words “employ” and “employed.” We do not indorse the use of these words when they cut so close to the ultimate facts and open the road for a witness to
 
 *623
 
 indulge in a conclusion. However, we do not regard them as so vicious in this case as to constitute prejudicial error.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen and Matthias,' JJ., concur.
 

 Jones, J., not participating.