RICHARDSON, ADMX., APPELLANT, *v.* MEHAN, APPELLEE.

[Cite as Richardson v. Mehan (1982), 69 Ohio St. 2d 52.]

(No. 81-641—Decided January 20, 1982.)

*Schnorf, Schnorf & Holmes, Co., L.P.A., Mr. Martin J. Holmes* and *Mr. William T. Maloney,* for appellant.

*Messrs. Spengler, Nathanson, Heyman, McCarthy &*

*Durfee, Mr. James R. Jeffrey* and *Mr. Truman A. Greenwood,* for appellee.

*Per Curiam.* The appellee, Morgan Mehan, moved for a summary judgment on the ground that there was no genuine issue of material fact as to his status as a fellow employee of the appellant's decedent, and that, accordingly, under R. C. 4123.741, he was entitled to judgment as a matter of law. The appellant contended that at the time of the accident the appellee was not an employee of National Cement, the employer of the deceased, but, rather, was an independent contractor and thus not protected by R. C. 4123.741. This section is as follows:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

The trial court, in reviewing the material before it on motion for summary judgment, found the operative facts to be as follows:

"On November 15, 1978, plaintiff's decedent, Larry Richardson, was crushed to death by a dump truck operated by the defendant. Mr. Richardson's death occurred on the premises of theNational Cement Company on Airport Highway in Toledo, Ohio. At the time, Mr. Richardson was employed by the National Cement Company and was performing his duties as operator of a conveyor system for National Cement.

"The National Cement Company manufactures cement blocks. The cement blocks are manufactured from stone which National Cement purchases from nearby stone quarries. The stone, referred to as 'aggregate stone' is transported by truck from the quarry to National's Airport Highway premises where the truck operator delivers it to the conveyor system. The stone is dumped from the truck into the conveyor system.

Normally, the trucks which deliver the aggregate stone pull up to the conveyor system, dump the stone, and exit in the same direction.

"On November 15, 1978, Morgan Mehan arrived at National's Airport Highway premises with a load of aggregate stone. The defendant, however, was unable to pull up to the conveyor system in the normal fashion because a railroad car was blocking the exit and a bulk cement truck was unloading in the same area. Consequently, the defendant backed up to the conveyor system to unload the stone. After backing up to the conveyor system, the defendant dumped the stone and proceeded to leave the conveyor system area. Shortly afterwards, Larry Richardson's body was found, face down, in the vicinity where defendant Mehan had unloaded the stone."

Upon the question presented by way of summary judgment as to the existence of material issue regarding whether the appellee and deceased were fellow employees, the trial court stated as follows in its decision:

"The record before the Court contains the following uncontroverted facts which point to an independent contractor relationship: Morgan Mehan, defendant herein, was the equitable owner of the truck which he was operating when Larry Richardson was killed. Defendant was responsible for the service and maintenance of the truck, and paid for the truck's insurance, highway use taxes, license fees, and for gas and oil. Although Mehan was paid an hourly wage by National Cement, he also received remuneration from National based on the number of tons of aggregate stone which he hauled. Furthermore, the defendant was never told by National Cement which route he should take in transporting the stones from the quarry to National Cement's Airport Highway premises. (Although in this regard there is no evidence that they could not have done so).

"On the other hand, the record before the Court unequivocally establishes the following: Morgan Mehan has worked for National Cement and its predecessor, Wayne Trucking Company, continuously for more than sixteen years during which time he has hauled stone only for National Cement. Mr. Mehan is a member of Teamster's Local 12 and is paid by National Cement on an hourly basis pursuant to Na-

tional Cement's collective bargaining agreement with Teamster's Local 12. The defendant reports to work in the morning and punches a time clock. Furthermore, National Cement treats the defendant as an employee for social security and withholding tax purposes with respect to both his earnings based on the tonnage hauled and his hourly wage·earnings. The aforementioned facts are indicative of a master-servant, or employer-employee, relationship."

The trial court correctly stated the basic test for determining whether an individual is an employee or an independent contractor as found in *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373, paragraph two of the syllabus, as follows:

"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."

The trial court also cited *Miller* v. *Metropolitan Life Ins. Co.* (1938), 134 Ohio St. 289, as setting forth the basic legal principles for determining the employer-employee relationship. Applying the law to the facts before it, the trial court concluded as follows:

" * * * it is clear that defendant Mehan was not an independent contractor at the moment of the accident. Mehan's employment duties were necessarily tied in with National Cement's manufacturing process. The defendant was not free to haul and deliver stones whenever the spirit moved him. Rather, he was required to unload his truckload of stone during the hours which National Cement specified. Furthermore, it is uncontradicted that National Cement had the right to assign the defendant tasks in addition to hauling aggregate stone. It is the Court's opinion that defendant Mehan's employment duties were an integral part of National Cement's manufacturing process and that National Cement impliedly reserved the right to control the details of Mehan's performance.

"Therefore, in light of the foregoing facts and applicable law, it is the Court's opinion that when the evidence properly before the Court pursuant to Civ. R. 56(C) is viewed in a light most favorable to plaintiff, reasonable minds could only conclude that National Cement Company had the right to control the manner and means of defendant Morgan Mehan's performance at the instant of the accident which resulted in the death of plaintiff's decedent. This conclusion is necessarily adverse to plaintiff's claim because the retention of control by National Cement over defendant's performance establishes as a matter of law that the defendant was an employee of the National Cement Company, and concomitantly a fellow-employee of Larry Richardson within the meaning and intent of R. C. 4123.741."

It is the view of the majority of this court that the trial court properly carried out its responsibilities pursuant to Civ. R. 56 in finding no issue as to any material fact. The court properly examined all of the underlying facts to determine the exact nature of the relationship of the appellee with the National Cement Company and, applying the appropriate law, found that the appellee was an employee of National Cement and, as such, a fellow employee of the deceased. Based upon all of the record, the trial court could have reasonably so found and it did not abuse its discretion in so doing. The Court of Appeals was correct in its determination.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., and C. BROWN, J., dissent.

CLIFFORD F. BROWN, J., dissenting. Whether a defendant was an independent contractor or an employee is ordinarily a question of fact for the jury, under proper jury instructions. *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373; *Smith* v. *Price Bros. Co.* (C.A. 6, 1942), 131 F. 2d 750, certiorari denied 318 U. S. 762; 3 Ohio Jurisprudence 3d, Agency, Section 240. It is the duty of the trial court to submit an essential issue to the jury when there is sufficient evidence relating

to that issue to permit reasonable minds to reach different conclusions on that issue. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215.

Reasonable minds in this case can differ over whether defendant was an independent contractor or employee. Witness the reasonable mind of the dissenting Judge John Connors on the Court of Appeals who perspicaciously opined that "reasonable minds could differ as to whether appellee was an employee or an independent contractor." The majority decision of this court necessarily implies that the dissenting appellate judge is not a reasonable mind, a patently unreasonable implication. This reasonable mind agrees with that of my colleague on the Court of Appeals. Accordingly, I dissent.

CELEBREZZE, C. J., concurs in the foregoing dissenting opinion.