MARISAY, D.B.A. REM INDUSTRIAL SALES, APPELLANT, *v.* PERRYSBURG MACHINE & TOOL, INC., APPELLEE.

(No. WD-86-36—Decided
March 31, 1987.)

*James E. Morgan,* for appellant.
*Barry E. Savage,* for appellee.

*Per Curiam.* This case is before the court on appeal from a judgment rendered by the Wood County Court of Common Pleas. The facts giving rise to the instant appeal are as follows.

In 1973, plaintiff-appellant, Robert E. Marisay, entered into an oral agreement with defendant-appellee, Perrysburg Machine and Tool, Inc. The terms of the agreement were that appellant, as appellee's manufacturing representative, would solicit customers for appellee and, in exchange, receive a five-percent commission on sales that were made pursuant to appellant's contacts. This relationship existed for approximately ten years.

In late 1983, appellant filed a lawsuit against appellee for payment of past commissions due appellant. An out-of-court settlement was reached among the parties and appellant received an agreed-upon payment.

Subsequently, appellee sent appellant a letter dated December 8, 1983, which letter terminated the business relationship. Pursuant to this letter, appellant filed a complaint against appellee for wrongful termination. Appellant contended that this termination was wrongful because he had not been given reasonable notice of termination. In addition, appellant contended that he was entitled, according to industry custom and usage, to receive post-termination commissions for a period of time equal to one month for every year he had represented appellee.

The trial court conducted a trial upon the matter and made the following ruling:

"This cause came before the court and the court finds as follows:

"The plaintiff and defendant entered into an oral contract some ten to eleven years ago. The defendant has consistently refused to enter into a written agreement or a long-term agreement. An accounting and payment of commissions was made in 1983.

"IT IS, THEREFORE ORDERED, ADJUDGED and DECREED that judgment is granted for the defendant. Costs to be paid by plaintiff."

It is from this decision that appellant has appealed and advanced the following two assignments of error:

"1. The trial court's finding that there was no contract establishing the relationship of independent contractor was against the manifest weight of the evidence.

"2. The court below erred in finding that the contract between the parties had not been breached[,] and the judgment in favor of the defendant-appellee was against the manifest weight of the evidence."

Appellant has premised these two assignments of error on what he believes the trial court concluded in its decision. Because the trial court's decision is uninformative as to the exact determinations made and because appellant did not make a request for findings of fact and conclusions of law, this court is left to address appellant's assignments of error as fairly and adequately as possible based upon the information before this court.

In appellant's first assignment of error, he contends that the trial court erred in not finding that an independent contractual relationship existed between appellant and appellee because the manifest weight of the evidence demonstrated such a relationship to exist.

In order for this court to determine if the trial court did err, this court must look to the appropriate standard for determining if a decision is against the manifest weight of the evidence.

This standard is basically stated as follows:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus.

Additionally, this court must look to the appropriate standard for determining if an independent contractor relationship exists. This standard has been defined as follows:

"* * * [I]f the workman is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. The ultimate question is not whether the employer actually exercises such control, but whether he has the right to control. (*Indus. Comm.* v. *Laird* [1933], 126 Ohio St. 617, followed.)" *Capra* v. *B. A. Associates, Ltd.* (1984), 27 Ohio Misc. 2d 2, 27 OBR 63, 499 N.E. 2d 931, paragraph one of the syllabus.

Based upon these standards and the record in this case, this court finds that the oral agreement between appellant and appellee established an independent contractual relationship. Appellant was not under the control of appellee in his solicitation of potential customers. Additionally, this court finds the record to be devoid of any indication that appellee had the right to control appellant in his solicitation of customers. Rather, this court finds that appellant was free to use any method or conduct to obtain customers for appellee. Once these customers had completed a purchase from appellee, appellant was then paid his five percent commission. Therefore, this court finds that an independent contractual relationship was formed between the parties.

As for appellant's contention that the trial court erred in not finding this relationship to exist, this court does not find that to be the case. Rather, this court finds that the trial court's acknowledgement of the existence of the oral contract and the accounting and payment of commissions are basic facts that demonstrate that the trial court found an independent contractual relationship to exist. Accordingly, appellant's first assignment of error is found not well-taken.

Appellant contends in his second assignment of error that the trial court erred in finding that the contract between the parties had not been breached, and that the judgment in favor of appellee was against the manifest weight of the evidence. Specifically, appellant contends that the appellee breached the contract with appellant when it did not follow the custom and usage of the trade by giving appellant reasonable notice of termination of the contract and by not allowing appellant to receive post-termination commissions for a period of time equal to one month for every year of the contract.

In review of appellant's contention that a breach of contract had occurred, this court must first determine if the reasonable notice of termination and the entitlement to post-termination commissions were elements of the contract. The record indicates that the oral contract formulated by the parties in 1973 did not contain these or any other terms or requirements of termination. Appellant contends that these terms were part of the contract because they were in existence as custom and usage of the trade throughout the duration of the parties' contract.

However, this court finds that

even if the practices were in effect throughout the parties' contract, those practices were not in effect when the contract was formulated in 1973. Appellant's own expert witness testified that these practices were not acknowledged as custom of the industry when the parties' contract was formed.

Additionally, 54 Ohio Jurisprudence 2d (1962) 453, 453-455, Usages and Customs, Section 14, states:

"Evidence of a custom or usage *existing at the time a contract* is made is frequently admitted for the purpose of explaining the contract or ascertaining the understanding of the parties to it, interpreting the otherwise indeterminate intention and acts of the parties, explaining words or technical terms, or showing that the mode in which the contract has been performed is the one customarily followed by others engaged in the same calling or trade." (Footnotes deleted and emphasis added.)

Because these customs were not in existence in 1973, we find that appellee's noncompliance with them was not a breach of contract. Therefore, we hold that the trial court did not err in finding that no breach of contract occurred. Accordingly, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. This cause is remanded to said court for assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

HANDWORK, P.J., and CONNORS, J., concur.

ALICE ROBIE RESNICK, J., concurs in judgment only.