DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant Tommy Queen appeals the decision of the Adams County Court of Common Pleas, which granted Defendants-Appellees Margaret Huntley's and Larry Tolle's motion for summary judgment. Appellant asserts that the trial court erred by finding that he was not appellees' employee, but rather an independent contractor. Accordingly, appellant concludes that the trial court also erred in determining that as an independent contractor, appellees did not owe appellant a duty of care.
 {¶ 2} For the reasons that follow, we disagree and affirm the well-reasoned judgment of the trial court.
 Statement of the Case {¶ 3} Defendant-Appellee Margaret Huntley owns several properties in the Village of West Union, including a building known as the Red Barn. Defendant-Appellee Larry Tolle, a business associate of Huntley who was in charge of maintaining Huntley's properties in West Union, hired Plaintiff-Appellant Tommy Queen to paint the roof of the Red Barn. Tolle agreed to pay appellant $200 to do the job and to provide appellant with the necessary tools and materials, including paint, paint brushes, and ladders.
 {¶ 4} Appellant had been hired in the past to do some other jobs for appellees, including: (1) painting another house owned by Huntley, which appellant did in lieu of paying a deposit on a house he was renting from Huntley; and (2) fixing some plumbing on another property owned by Huntley, for which he was paid in cash.
 {¶ 5} Upon arrival at the job site, Tolle provided appellant with the paint, paint brushes, and ladders. Appellees provided no instruction as to how appellant was to go about painting the roof, nor was he told when to start or finish the job. After giving the materials to appellant, Tolle left the job site.
 {¶ 6} Shortly thereafter, appellant began painting the roof. While on a ladder painting, appellant slipped and fell. Appellant was injured in the fall and consequently was treated at a hospital.
 {¶ 7} Subsequently, appellant filed a complaint against appellees in the Adams County Court of Common Pleas. Appellant alleged that he was appellees' employee and that they negligently failed to provide him with appropriate safety equipment to prevent his fall and resulting injuries. Accordingly, appellant concluded that he should be awarded damages totaling $100,000.
 {¶ 8} Following appellees' answer and subsequent discovery by the parties, appellees filed a motion for summary judgment. In that motion, appellees asserted that appellant was not their employee but was an independent contractor. Accordingly, appellees argued that they owed appellant no duty of care.
 {¶ 9} Following a motion contra by appellant, the trial court granted appellees' motion for summary judgment. The trial court found that the facts surrounding appellant's hiring to paint the roof were not in dispute and that appellant was in fact an independent contractor. Accordingly, the trial court entered judgment in appellees' favor.
 The Appeal {¶ 10} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "The trial court erred when it found that defendants had no common law or statutory duty of care to the plaintiff on the basis that plaintiff was an independent contractor and not an employee."
 I. Standard of Review {¶ 11} We conduct a de novo review of a trial court's decision to grant summary judgment pursuant to Civ.R. 56. See Renner v. DerinAcquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has established the test to be employed when making a determination regarding a motion for summary judgment.
 {¶ 12} "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129 (citations omitted).
 {¶ 13} Therefore, upon review, we give no deference to the judgment of the trial court. See Renner, supra.
 {¶ 14} Additionally, when a party to an action moves for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists as to all essential elements of a claim, even those issues the opposing party would bear the burden of proving at trial. SeeVahila v. Hall, 77 Ohio St.3d 421, 1997-Ohio-259, 674 N.E.2d 1164. However, a nonmoving party may not rest upon the allegations set forth in its pleadings in response to a properly supported summary judgment motion. See State ex rel. Mayes v. Holman, 76 Ohio St.3d 147,1996-Ohio-420, 666 N.E.2d 1132. The nonmoving party must show that a genuine issue of material fact remains to be tried, by pointing to specific facts in the record, either through affidavits or by other proper means. See id.
 II. Negligence and the Duty of Care {¶ 15} In order to establish a cause of action for negligence, a plaintiff must show that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and plaintiff suffered injury as a proximate result of the defendant's breach. See Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614; Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. Whether a legal duty exists normally is a question of law for the court to determine. See Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265.
 {¶ 16} An employer always owes its employees a duty of care. See R.C. 4101.11 and 4101.12. R.C. 4101.11 states in part: "Every employer * * * shall furnish a place of employment which shall be safe for the employees therein * * *, shall furnish and use safety devices and safeguards, * * * and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees * * *." Similarly, R.C. 4101.12 imposes a duty upon an employer to provide employees with a safe place of employment.
 {¶ 17} However, in negligence cases involving inherently dangerous work, the owner of the premises generally does not owe a duty to an independent contractor. See Wellman v. East Ohio Gas Co. (1953),160 Ohio St. 103, 113 N.E.2d 629, paragraph two of the syllabus; see, also, Michaels v. Ford Motor Co., 72 Ohio St.3d 475, 1995-Ohio-142,650 N.E.2d 1352. In Wellman, the Court stated: "Where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor." Wellman, supra, paragraph one of the syllabus. The independent contractor remains primarily responsible for his own protection and the protection of its employees. See Eicher v. U.S. Steel Corp. (1987), 32 Ohio St.3d 248,250, 512 N.E.2d 1165.
 {¶ 18} However, an exception to this general rule exists when there has been "active participation" by the owner of the premises in the work being performed by the independent contractor. Hirschbach v.Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206, 452 N.E.2d 326, syllabus; see, also, Michaels, supra; Bond v. Howard Corp.,72 Ohio St.3d 332, 335, 1995-Ohio-81, 650 N.E.2d 416; Cafferkey v. TurnerConst. Co. (1986), 21 Ohio St.3d 110, 112, 488 N.E.2d 189. Active participation exists in two types of situations: first, where the owner of the property either "directs or exercises control over the work activities of the independent contractor's employees;" and second, where the owner "retains or exercises control over a critical variable in the workplace" even if the owner does not participate in the work activities. Sopkovich v. Ohio Edison Co., 81 Ohio St.3d 628, 643,1998-Ohio-341, 693 N.E.2d 233.
 {¶ 19} In the case sub judice, appellant asserts that he was appellees' employee, and accordingly, he was owed a duty of care. On the other hand, appellees assert that appellant was an independent contractor hired to perform the inherently dangerous work of painting a roof. Consequently, appellees argue that pursuant to Wellman, they owed appellant no duty of care to protect him from injuries arising from his performance of the services for which he was hired.
 {¶ 20} Therefore, our analysis begins with the necessary determination of whether appellant was an independent contractor or an employee. If appellant was appellees' employee our analysis is complete, in that appellees owed him a duty of care. If appellant was an independent contractor, we must next determine whether appellees actively participated in the work being performed by appellant. Should we determine that appellant was indeed an independent contractor and appellees did not actively participate in his work performance, then appellees did not owe appellant a duty of care. Conversely, if appellees did actively participate in appellant's work performance, then they owed him a duty of care in regards to their participation. See Sopkovich v. Ohio EdisonCo., 81 Ohio St.3d 628, 1998-Ohio-341, 693 N.E.2d 233.
A. Employee v. Independent Contractor
 {¶ 21} "The chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work." Bobik v. Industrial Com'n. (1946),146 Ohio St. 187, 64 N.E.2d 829, paragraph one of the syllabus; see, also, Pusey v. Bator, 94 Ohio St.3d 275, 2002-Ohio-795, 762 N.E.2d 968. "If such right is in the employer, the relationship is that of employer and employee, or master and servant; but if the manner or means of performing the work is left to one responsible to the employer for the result alone, an independent contractor relationship is thereby created."Bobik at paragraph two of the syllabus.
 {¶ 22} "Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court."Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingSchickling v. Post Publishing Co. (1927), 115 Ohio St. 589, 155 N.E. 143, syllabus. "However, the issue becomes a jury question where the claimant offers some evidence that he was an employee rather than an independent contractor." Id. at 146-147, citing Indus. Comm. v. Laird (1933),126 Ohio St. 617, 186 N.E. 718, at paragraph three of the syllabus. Finally, the determination of who has the right to control must be made by examining the individual facts of each case, including factors such as the following: (1) who controls the details and quality of the work; (2) who controls the hours worked; (3) who selects the materials, tools, and personnel used; (3) the length of employment; (4) the type of business; (5) the method of payment; and (6) any pertinent agreements or contracts. See id.
 {¶ 23} In the case sub judice, there is no factual dispute. Appellant asserts that because appellees provided him with the necessary materials to paint the roof (i.e., paint, paintbrushes, and ladders), they controlled the manner or means by which appellant performed the work. While this factor in and of itself might lean towards a finding that appellant was appellees' employee, the overall circumstances surrounding appellant's work do not support this conclusion. For instance, appellant and appellees negotiated a one-time, $200 payment for his services as a painter. Payment for appellant's services in the past were paid in cash without the deduction of payroll taxes or the like. Although Appellee Tolle was present at the work site when appellant arrived, Tolle merely provided appellant the paint, brushes, and ladders. Tolle provided no guidance or instruction as to how appellant should proceed to paint the roof. Appellant even states in his affidavit that he "was not advised as to how to paint the roof and was just given the equipment and paint to accomplish the same." In fact, Tolle left the work site shortly after appellant's arrival; he did not remain at the site and supervise appellant's work. Finally, appellees did not as much as provide appellant with a work schedule indicating when the roof was to be painted or how long appellant had to complete the task.
 {¶ 24} The only additional "evidence" appellant has in support of his position that he was appellees' employee is his conclusory statement that he was not an independent contractor. This is insufficient to overcome a properly supported motion for summary judgment.
 {¶ 25} Accordingly, we find that appellant was in fact an independent contractor hired to paint the roof of the Red Barn and not appellees' employee.
 B. Active Participation {¶ 26} Having found appellant to be an independent contractor, we briefly discuss the issue of whether appellees actively participated in appellant's performance of the work.
 {¶ 27} As we have previously noted, active participation exists where the owner of the property "directs or exercises control over the work activities of the independent contractor's employees," or "retains or exercises control over a critical variable in the workplace" even if the owner does not participate in the work activities. Sopkovich v. OhioEdison Co., 81 Ohio St.3d at 643, 1998-Ohio-341, 693 N.E.2d 233.
 {¶ 28} Once again, appellant has made it abundantly clear that appellees did not participate in appellant's work activities. Appellees' participation began and ended when the materials for the job were left at the work site. Appellant was only responsible to appellees as it pertained to the end result of his labor. Furthermore, we cannot say that appellees exercised control over a critical variable in the workplace such that they could be held liable for appellant's injury. Appellant's injury resulted from a well-known risk of painting roofs (i.e., falling).
 {¶ 29} Therefore, we find that appellees did not actively participate in the performance of inherently dangerous work by appellant.
 Conclusion {¶ 30} Since appellant was an independent contractor hired by appellees and not their employee, and since appellees did not actively participate in appellant's performance of the inherently dangerous task for which he was hired, appellees did not owe appellant a duty of care. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.