[Cite as *Gradijan v. Bay*, 2011-Ohio-1032.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID GRADIJAN | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010CA00177 |
| CHARLES C. BAY, | |
| dba CBC COMPANY, ET AL. | |
| | O P I N I O N |
| Defendant-Appellant | |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal Court,
                              Case No. 09CVF3952


JUDGMENT:                     Affirmed in part, Reversed in part, and
                              Remanded


DATE OF JUDGMENT ENTRY:       March 7, 2011


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


ROBERT J. TSCHOLL                         DAVID A. FERRIS
JENNIFER L. ARNOLD                        Ferris & Ferris LLP
220 Market Ave. South, Suite 1120         P.O. Box 1237
Canton, Ohio 44702                        6797 N. High Street, Suite 214
                                          Worthington, Ohio 43085-1237

*Hoffman, J.*

{¶1} Defendant-Appellant Charles C. Bay, dba CBC Company, appeals the June 4, 2010 Judgment Entry of the Canton Municipal Court entering judgment in favor of Plaintiff-appellee David Gradijan.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Charles C. Bay dba CBC Company ("CBC"), a sole proprietorship, hired Appellee in March 2006 as a driver. The United States Postal Service contracted with CBC to drive mail to various locations. Appellee was hired to provide transportation services as a driver for CBC to transport mail from Canton, Ohio to Pittsburgh, Youngstown and Akron. Appellee drove a truck provided by CBC. CBC required their drivers to follow a specific schedule with regard to pickup and delivery of the mail, and required the drivers to take the most direct route. Drivers were not permitted to use toll roads unless weather required.

{¶3} Upon his being "hired" as a driver, Appellee executed an Independent Contractor Agreement expressly stating he was performing driving services as an "independent contractor". The contract was entitled, "Independent Contractor Motor Vehicle Lease Agreement." Appellee introduced testimony all drivers signed the same agreement regardless of whether all the provisions applied or not.

{¶4} On January 30, 2009, Appellee was driving a vehicle owned by CBC, when he was involved in an accident, during which he struck another vehicle in the rear. The investigating officer determined the accident was caused by mechanical break failure.

**{¶5}** As a result of the accident, CBC deducted monies from Appellee's pay. Initially, CBC deducted $275.00 from Appellee's pay. From February 6, 2009 to April 3, 2009, CBC deducted a total of $2,075 from Appellee's pay. Additionally, Appellee did not receive paychecks for the weeks of April 10th and April 17, 2009.

**{¶6}** As a result, Appellee filed a complaint in the Canton Municipal Court asserting CBC failed to pay his earned wages and improperly deducted from his pay. The complaint included a claim for conversion. CBC filed a counterclaim for breach of contract as a result of Appellee's failure to pay damages claimed under a written agreement. CBC further asserted Appellee was negligent in the operation of its truck causing damage to the vehicle.

**{¶7}** Following a bench trial, the court determined the relationship between CBC and Appellee was that of employer and employee, as CBC retained the right to direct the manner in which the work was completed, controlled Appellee's work schedule, route, hours, fines and paperwork requirements. The court further determined Appellee was entitled to recover the wages earned and not paid, totaling $2,250. In addition, the court granted Appellee $200 in liquidated damages.

**{¶8}** On the conversion claim, the trial court determined CBC exercised dominion over Appellee's pay, Appellee demanded return of the pay, and CBC refused; therefore, the measure of damages totaled the converted property in the amount of $1,050. The court found insufficient evidence to establish the paychecks for the weeks of April 10, 2009 and April 24, 2009 were wrongfully withheld, and further found CBC failed to establish either a breach of contract or negligence claim with regard to their counterclaim against Appellee.

{¶9} Via Judgment Entry of June 4, 2010, the trial court entered judgment in favor of Appellee in the amount of $5,575.00 with interest at a rate of 4% from the date of judgment.

{¶10} CBC now appeals, assigning as error:

{¶11} "I. THE TRIAL COURT ERRED IN HOLDING THAT IT HAD SUBJECT MATTER JURISDICTION OVER THE CAUSES OF ACTION ALLEGED BY PLAINTIFF IN THIS COMPLAINT.

{¶12} "II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S CLAIM FOR UNPAID WAGES UNDER SECTION 4113.15 OF THE OHIO REVISED CODE.

{¶13} "III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S CLAIM FOR CONVERSION OF PERSONAL PROPERTY.

{¶14} "IV. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S COUNTERCLAIM AND CORRESPONDING CLAIMS AGAINST PLAINTIFF FOR PLAINTIFF'S BREACH OF CONTRACT OR NEGLIGENCE, AND FURTHER ERRED IN FAILING TO AWARD DEFENDANT DAMAGES."

I.

{¶15} In the first assignment of error, Appellant asserts Appellee's claims were preempted by the Davis-Bacon Act, 40 U.S.C. Section 276a et seq.; thereby, divesting the trial court of jurisdiction in this matter.

{¶16} The Davis-Bacon Act governs prevailing wages on public works contracts. The Act requires contractors on federally assisted construction projects to pay their employees the "prevailing wage" as specified by the United States Department of Labor.

The act provides private rights of action are not permitted, and are preempted by the act.

**{¶17}** Appellee's complaint sought recovery under Ohio's Prompt Pay Act statute, O.R.C. 4113.15, which requires employees be paid promptly for hours worked. The statute does not relate to or govern prevailing wages. Appellee's complaint claimed CBC failed to pay Appellee for hours worked and wrongfully deducted expenses from his hourly pay. The Davis-Bacon Act cited by CBC relates to disputes of fact or law concerning payment of prevailing wage rates. Further, CBC's contract with the United States Post Office has no relationship to Appellee's claim CBC failed to promptly pay him for hours worked and wrongfully withheld expenses from his pay. Accordingly, we conclude the Act does not preempt Appellee's claims herein.

**{¶18}** CBC's first assignment of error is overruled.

II.

**{¶19}** In the second assignment of error, CBC asserts the trial court erred in granting Appellee's claim for unpaid wages under O.R.C. Section 4113.15, Ohio's Prompt Pay Statute.

**{¶20}** The statute reads, in pertinent part:

**{¶21}** "(A) Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. If at any time of payment an employee is absent from his

regular place of labor and does not receive his wages through an authorized representative, such person shall be entitled to said payment at any time thereafter upon demand upon the proper paymaster at the place where such wages are usually paid and where such pay is due. This section does not prohibit the daily or weekly payment of wages, the use of a longer time lapse that is customary to a given trade, profession or occupation, or establishment of a different time lapse by written contract or by operation of law.

{¶22} "(B) Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest [FN1] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

{¶23} "(C) In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises. No person shall, without reasonable justification or excuse for such failure, knowingly fail or refuse to pay to the appropriate person, organization, or governmental agency the amount necessary to provide the benefits or accomplish the purpose of any employee authorized deduction, within thirty

days after the close of the pay period during which the employee earned or had deducted the amount of money necessary to pay for the fringe benefit or make any employee authorized deduction. A failure or refusal to pay, regardless of the number of employee pay accounts involved, constitutes one offense for the first delinquency of thirty days and a separate offense for each successive delinquency of thirty days."

**{¶24}** Specifically, CBC maintains Appellee was an independent contractor pursuant to the terms of the parties' agreement; therefore, the statute does not apply.

**{¶25}** The determination as to whether to classify a person as an employee or an independent contractor is a factual determination made on a case by case basis. *Bostic v. Connor* (1988), 37 Ohio St.3d 144. In *Bostic*, supra, the Ohio Supreme Court held,

**{¶26}** "Whether someone is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fact. The key factual determination is who had the right to control the manner or means of doing the work. In *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234, this court set forth the following test in paragraph two of the syllabus:

**{¶27}** " 'Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.' See, also, *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335; *Richardson*

*v. Mehan* (1982), 69 Ohio St.2d 52, 23 O.O.3d 90, 430 N.E.2d 927; *Behner v. Indus. Comm.* (1951), 154 Ohio St. 433, 43 O.O. 360, 96 N.E.2d 403, paragraphs one and two of the syllabus; *Firestone v. Indus. Comm.* (1945), 144 Ohio St. 398, 29 O.O. 570, 59 N.E.2d 147, paragraph one of the syllabus; *Indus. Comm. v. Laird* (1933), 126 Ohio St. 617, 186 N.E. 718, paragraph four of the syllabus; and 1 Restatement of the Law 2d, Agency (1958) 12, Section 2. Cf. *Whittington v. New Jersey Zinc Co.* (C.A. 6, 1985), 775 F.2d 698; and *Western Express Co. v. Smeltzer* (C.A. 6, 1937), 88 F.2d 94.

**{¶28}** "The determination of who has the right to control must be made by examining the individual facts of each case. The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts. See Restatement, *supra,* at 485-486, Section 220; Young, Workmen's Compensation Law of Ohio (2 Ed.1971) 33, Section 3.3; and *Gillum, supra,* 141 Ohio St. at 380-382, 25 O.O. at 534-535, 48 N.E.2d at 237-238."

**{¶29}** We find the trial court had sufficient evidence before it to support its determination Appellee was an employee, rather than an independent contractor. Appellee was paid regularly, drove a regular route prescribed by CBC and CBC required Appellee to work at certain times and to take certain routes. Further, CBC provided the equipment, and paid for the maintenance of the truck. Therefore, the trial court did not error in finding there was sufficient evidence to determine Appellee was an employee of CBC at all times relevant herein.

{¶30} Accordingly, Appellant's second assignment of error is overruled.

III.

{¶31} In the third assignment of error, CBC maintains the trial court erred in granting Appellee's claim for conversion of personal property.

{¶32} The trial court determined Appellee was entitled to back wages for April 17, 2009, under the theory of conversion.  The court awarded Appellee $1,050 the amount of a paycheck issued but never sent to Appellee, and awarded Appellee the deductions wrongfully withheld from his pay in the amount of $2,075.

{¶33} Conversion is the wrongful control or exercise of dominion over the property belonging to another inconsistent with or in denial of the rights of the owner. *Bench Billboard Co. v. Columbus* (1989), 63 Ohio App.3d 421.

{¶34} Pursuant to the "Independent Contractor Motor Vehicle Lease Agreement," between the parties, Subsection E "Authorized Deductions" provides,

{¶35} "Contractor expressly agrees that any of the following amounts owed Carrier by Contractor at the time any settlement payment is made may be deducted from such settlement by Carrier, and that in the event such deduction is made, Carrier shall include as part of Contractor's settlement a written explanation of the amount and reason for the deduction:

{¶36} "***

{¶37} "4. Repairs and maintenance performed on Contractor equipment by Carrier or any other repair facility.

{¶38} "***

**{¶39}** "6. Any amount, arising out of the injury of any person or the loss or damage to Carrier's equipment or intermodal equipment or to property transported, which is the result of operations on the part of Contractor or any driver, employee or other worker engaged by Contractor, and which is not covered by insurance or which is excluded from insurance coverage by virtue of a deductible feature."

**{¶40}** As the parties' agreement specifically provided Appellant was to provide a written explanation and the reason for the deduction at the time the compensation is withheld, and Appellant failed to do so herein, we conclude the trial court did not err in finding Appellant wrongfully converted the compensation.

**{¶41}** Appellant's third assignment of error is overruled.

IV.

**{¶42}** In the fourth assignment of error, CBC argues the trial court erred in failing to grant its counterclaim against Appellee.

**{¶43}** At trial, CBC asserted a counterclaim against Appellee for breach of contract. Specifically, CBC argued Appellee failed to pay damages which occurred as a result of the January 30, 2009 accident in breach of the parties' agreement. CBC further maintained Appellee was negligent in the operation of the truck resulting in damages to CBC.

**{¶44}** CBC began deductions from Appellee's pay prior to giving notice to Appellee, and prior to obtaining an estimate. As stated in our analysis and disposition of CBC's third assignment of error, CBC wrongfully withheld the compensation from Appellee's pay without providing Appellee with a written explanation for the reason for the deduction. However, we find that does not preclude CBC's claim for breach of

contract.  While CBC was not entitled to automatically deduct the cost of repairs from Appellee's pay, CBC did not waive any right to pursue an action against Appellee for breach of contract or negligence for the damages sustained.  Accordingly, we find the trial court erred in granting judgment in favor of Appellee as to CBC's counterclaim for breach of contract.

**{¶45}**  CBC's fourth assignment of error is sustained.

**{¶46}** The June 4, 2010 Judgment Entry of the Canton Municipal Court is affirmed in part, reversed in part, and remanded for further proceedings relative to CBC's counterclaim.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DAVID GRADIJAN                          :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :              JUDGMENT ENTRY
                                        :
CHARLES C. BAY,                         :
dba CBC COMPANY, ET AL.                 :
                                        :
    Defendant-Appellant             :              Case No. 2010CA00177


For the reasons stated in our accompanying Opinion, The June 4, 2010 Judgment Entry of the Canton Municipal Court is affirmed in part, reversed in part, and remanded for further proceedings in accordance with the law and this opinion. Costs to be divided.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE